IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SUBMARINES HAWAII LIMITED PARTNERSHIP, a Hawaii limited partnership, and ROBERTS HAWAII TOURS, INC., a Hawaii corporation, | ) ) ) ) ) | CIVIL NO. 10-00471 SOM-LEK |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| KANDOO ISLAND, O.N. 638002, her engines, machinery, furniture, equipment, and appurtenances, In Rem, and KANDOO OAHU INCORPORATED, a Hawaii Corporation, In Personam, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER GRANTING LARRY STENEK, LLC, ET. AL. AND A & B ELECTRIC CO. INC.'S MOTIONS TO INTERVENE**

Before the Court are Larry Stenek, LLC, et. al. and A & B Electric Co., Inc.'s (collectively "Intervenor Plaintiffs") motions to intervene (collectively "Motions"), filed on September 7, 2010 and September 13, 2010, respectively. Defendants Kandoo Island, O.N. 638002, in rem ("Vessel") and Kandoo Oahu Inc., in personam (collectively "Defendants") filed their Statements of No Position as to the Motions on September 16, 2010. Plaintiffs Submarines Hawaii Limited Partnership and Roberts Hawaii Tours, Inc. (collectively "Plaintiffs") filed its Statements of No Position on

September 20, 2010.

These matters came on for hearing on October 1, 2010. Appearing on behalf of Larry Stenek, et. al was Michael J. Nakano, Esq., and appearing on behalf of A & B Electric Co., Inc. was Christian K. Adams, Esq.  Appearing on behalf of Defendants was Denise Hevicon, Esq.  After careful consideration of the Motions, supporting memoranda, and the arguments of counsel, Intervenor Plaintiffs' Motions are HEREBY GRANTED for the reasons set forth below.

## BACKGROUND

Plaintiffs filed their Complaint asserting maritime liens against the Vessel on August 16, 2010.  The United States Marshal Service arrested the Vessel on August 18, 2010.

Intervenor Plaintiffs assert that the instant Motions are timely and demonstrate that they possess significant protectable interests.  They claim that their interests are protected by law because they seek maritime liens under 46 U.S.C. § 31301, et seq., and 46 U.S.C. § 31342(a), and preferred maritime liens under 46 U.S.C. § 31301(5)(D).  They also claim that their legally protected interest shares the required relationship with Plaintiffs' claims.

Additionally, Intervenor Plaintiffs argue that disposition of this action would impair their ability to protect their interests.  Further, they insist that Plaintiffs do not

adequately represent their interests, but that a clear

relationship exists between their interests and Plaintiffs'

claims because they all relate to the Vessel.

Finally, Intervenor Plaintiffs ask this Court to issue

warrants for maritime arrest of the Vessel on their behalf.  They

insist that these additional warrants are necessary under the

Local Rules of Practice for the United States District Court for

the District of Hawai`i Admiralty Rules ("Local Admiralty

Rules"), specifically, Rule E.12.  Intervenor Plaintiffs argue

that these warrants are needed to prevent the potential release

of the Vessel from the original arrest which would thereby

discharge their liens.

## DISCUSSION

Federal Rules of Civil Procedure 24(a) states:

(a) Intervention of Right.  On timely motion, the
court must permit anyone to intervene who:

(1) is given an unconditional right to intervene
by a federal statute; or

(2) claims an interest relating to the property or
transaction that is the subject of the action, and
is so situated that disposing of the action may as
a practical matter impair or impede the movant's
ability to protect its interest, unless existing
parties adequately represent that interest.

To intervene pursuant to Rule 24(a)(2), the applicant

must show that:

(1) [they have] a "significant protectable
interest" relating to the property or transaction
that is the subject of the action; (2) the

> disposition of the action may, as a practical
> matter, impair or impede the applicant's ability
> to protect [their] interest; (3) the application
> is timely; and (4) the existing parties may not
> adequately represent the applicant's interest.

Canatella v. California, 404 F.3d 1106, 1112 (9th Cir. 2005)
(citation omitted).

A party seeking to intervene has a "significantly
protectable interest" if its interest "is protected by law and
there is a relationship between the legally protected interest
and the plaintiff's claims."  United States v. Alisal Water
Corp., 370 F.3d 915, 919 (9th Cir. 2004) (citations omitted).
The interest can be protectable under any statute.  See id.

If the owner posts a security bond, Supplemental Rules
for Admiralty or Maritime Claims and Asset Forfeiture Actions
("Admiralty Rules"), Rule E(5)(a) allows for the release of the
arrested property.  If Defendants posted a security bond for
Plaintiffs' lien and the Vessel were released, Intervenor
Plaintiffs' liens would essentially remain unsatisfied.

Local Admiralty Rule E.12(a) specifically requires any
party asserting a claim on a vessel that has already been
arrested to file an intervening complaint.  Following proper
filing, the clerk should deliver the intervenor's warrant to the
marshal who should arrest the property on behalf of the
intervenor.  This places the vessel under a second arrest so as
to insure that release will not occur unless the intervening

parties' interests are satisfied in addition to the plaintiff's claim.  <u>See</u> Local Admiralty Rule E.12(a).

Intervenor Plaintiffs have satisfied all requirements under the pertinent rules, and there is no opposition to the Motions.  The Court therefore GRANTS Intervenor Plaintiffs' Motions.  Further, the Court gives Intervenor Plaintiffs leave to file the complaints in intervention in the form attached to the Motions by **October 26, 2010.**  Intervenor Plaintiffs should also submit all other necessary documents at that time.

<u>**CONCLUSION**</u>

On the basis of the foregoing, Larry Stenek, LLC, et. al. and A & B Electric Co., Inc.'s motions to intervene as Plaintiffs, filed September 7, 2010 and September 13, 2010, respectively, are HEREBY GRANTED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 19, 2010.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**<u>SUBMARINES HAWAII LIMITED PARTNERSHIP, ET AL. VS. KANDOO ISLAND, O.N. 638002, ETC., ET AL</u>; ORDER GRANTING LARRY STENEK, LLC, ET AL. AND A & B ELECTRIC CO., INC.'S MOTIONS TO INTERVENE**