IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SUBMARINES HAWAII LIMITED PARTNERSHIP, a Hawaii limited partnership, and ROBERTS HAWAII TOURS, INC. a Hawaii corporation,<br><br>        Plaintiffs,<br>    and<br><br>A&B ELECTRIC, CO., INC., a Hawaii corporation,<br><br>        Plaintiffs in Intervention<br><br>    and<br><br>LARRY STENEK, LLC, ET AL.,<br><br>        Plaintiffs in Intervention<br><br>    vs.<br><br>KANDOO ISLAND, O.N. 638002, her engines, machinery, furniture, equipment, and appurtenances, <u>In Rem</u>, and KANDOO OAHU INCORPORATED, a Hawaii corporation, <u>In Personam</u>,<br><br>        Defendants. | CIVIL NO. 10-00471 SOM-RLP<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS SUBMARINES HAWAII LIMITED PARTNERSHIP AND ROBERTS HAWAII TOURS, INC.'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST ALL CLAIMANTS THAT HAVE NOT FILED A STATEMENT OF RIGHT/INTEREST AND/OR INTERVENED AS PLAINTIFFS AND TO GRANT PLAINTIFFS IN INTERVENTION'S JOINDERS IN MOTION |

///

///

///

///

///

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS SUBMARINES HAWAII LIMITED PARTNERSHIP AND ROBERTS HAWAII TOURS, INC.'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST ALL CLAIMANTS THAT HAVE NOT FILED A STATEMENT OF RIGHT/INTEREST AND/OR INTERVENED AS PLAINTIFFS AND TO GRANT PLAINTIFFS IN INTERVENTION'S JOINDERS IN MOTION[1]

Before the Court is Plaintiffs Submarines Hawaii Limited Partnership and Roberts Hawaii Tours, Inc.'s (collectively "Plaintiffs") Motion for Entry of Default Judgment Against All Claimants That Have Not Filed a Statement of Right/Interest and/or Intervened as Plaintiffs, filed on April 14, 2011 ("Motion"). At a status conference with the Court on May 10, 2011, counsel for Defendants informed the Court that Defendants do not oppose the Motion and will not be filing a response. On May 17, 2011, Plaintiffs in Intervention Larry Stenek, LLC; Bradley Danielson; Colleen Oman; Enzed LLC; Island Workboats, LLC; John Humphrey; Lynn Wigen; Terence W. O'Kelley; North Sails Hawaii, Inc.; Ocean Shore Designs, Ltd.; PDF, Inc.; Servco Insurance Services Corp.; Shaka Engineering, Inc.; Siew Jean Chua; Diversified Applied Marine, LLC; Stephen Humphrey; Steven Martin; Arfel Balmaceda; Franita Gomez; George Longshore III; George L. Trocio; Jay Ar Adviento; June B. Adviento, Jr.; Kyle K. Kim; Ricky Adviento; and Vairea L. Stehlin filed a

---

[1] Within fourteen (14) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

Joinder in the Motion. On May 23, 2011, Plaintiff in Intervention A & B Electric Co., Inc. filed a Joinder in the Motion. The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii.

After carefully reviewing the pleadings and relevant legal authority, the Court FINDS that the required notice has been given and the time for filing statements of right/interest and/or intervention have expired. Accordingly, the Court RECOMMENDS the entry of default and default judgment against any and all claimants who have not filed a statement of right/interest and/or intervened.

BACKGROUND

Plaintiffs filed this action on August 16, 2010, alleging, in part, a maritime lien against Defendant Kandoo Island, O.N. 638002 ("Vessel"). The U.S. Marshal seized the Vessel on August 18, 2010. On September 7, 2010, the court granted Plaintiffs' motion to appoint Tauvaa Sagiao and the Webe Corporation, Ltd. as substitute custodians pursuant to Rule E, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). See First Amended Order Granting Plaintiffs' Ex Parte Motion for Order Appointing Tauvaa Sagiao and the Webe Corp., Ltd., Substitute Custodians,

dated Sept. 7, 2010 [Docket No. 21].

After no claim of ownership to the Vessel was filed, Plaintiffs, pursuant to the court's order, published notice of the seizure in the Honolulu Star Advertiser as required by Local Admiralty Rule C.3 and Rule C(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. See Order Granting Ex Parte Motion for Publication of Notice of Arrest, dated Sept. 3, 2010 [Docket No. 17].

The notice directed any and all persons claiming a right of possessory or ownership interest in the Vessel to file a statement of right/interest within ten days of publication and to file an answer to the verified complaint within twenty days of publication. See Affidavit of Publication, dated Oct. 13, 2010 [Docket No. 38]. Any person claiming a maritime lien or other interest in the Vessel was required to file a timely motion to intervene. Id. Intervenor Plaintiffs filed motions to intervene on September 7 and September 10, 2010, which were granted by the court on October 19, 2010. Defendants filed an answer on December 20, 2010.

The court subsequently granted Plaintiffs' petition to dispose of the Vessel by interlocutory sale. See Order Granting Plaintiffs, Submarines Hawaii Limited Partnership and Roberts Hawaii Tours, Inc.'s, Motion for Interlocutory Sale of In Rem Defendant, Kandoo Island, O.N. 638002, filed Jan. 21, 2011

[Docket No. 91]. The Vessel was sold via auction conducted by the U.S. Marshal on February 14, 2011 for $500,000. See Order Granting Plaintiffs, Submarines Hawaii Limited Partnership and Roberts Hawaii Tours, Inc.'s, Motion to Confirm the Interlocutory Sale of the Kandoo Island, O.N. 638002, dated Feb. 18, 2011 [Docket No. 99].

In the instant Motion, Plaintiffs request entry of default and default judgment against all who have not filed a statement of right/interest and/or intervened to assert a lien.

DISCUSSION

Under Local Admiralty Rule C.5, a party is entitled to entry of default upon a showing that: A) notice has been given as required by Local Admiralty Rule C.4(a) and Rule C.4(b); and B) the time for answer has expired and no one has appeared to claim the property. LRC.5. Default judgment may be entered pursuant to Federal Rules of Civil Procedure Rule 55(b) at any time after default has been entered. Id.

    A. All Notice Requirements Have Been Met.

Plaintiffs have met all of the notice requirements under the Supplemental Rules, Local Admiralty Rules and relevant statutes.

    1. Local Admiralty Rule C.4(a)

Local Admiralty Rule C.4(a) requires publication of notice of arrest as outlined in Supplemental Rule C(4). See LR

C.4(a). Notice of the arrest must be published in a newspaper with general circulation in the district. See Fed. R. Civ. P. Supp. R. C(4). Supplemental Rule C(4) requires that the notice indicate the time to file a statement of interest in or right against the seized property. Id.

In accordance with the court's order, Plaintiffs published notice of the arrest on October 9, 2010 in the Honolulu Star-Advertiser. See Order Granting Ex Parte Motion for Publication of Notice of Arrest, dated Sept. 3, 2010 [Docket No. 17]. The notice contained all of the information required under Supplemental Rule C(4) and Local Admiralty Rule C.3(a). See Affidavit of Publication, dated Oct. 11, 2010 [Docket No. 38]. Proof of publication was filed on October 13, 2010, in accordance with Local Admiralty Rule C.3(b). Id.

### 2. Local Admiralty Rule C.4(b)

Under Local Admiralty Rule C.4(b), Plaintiffs were required to send notice of the arrest to all persons with a recorded interest if the Vessel is documented with the United States Coast Guard. LRC.4(b). Plaintiffs' counsel provided written notice by certified mail, return receipt requested, to certain persons listed in the Abstract of Title for the Vessel from the U.S. Coast Guard National Vessel Documentation Center. Motion at 3-4. Plaintiff's counsel provided written notice of the lawsuit to four potential claimants: Marisco, Ltd., Alison

J. Smith, Tammy L. Maynard, and Pacific Ocean Producers, Inc. See Ex. B to Decl. of Bryan Y.Y. Ho. All other potential claimants listed on the Vessel's Abstract were represented by counsel and had already filed motions seeking leave to intervene in this action. Motion at 5.

Accordingly, Plaintiffs have satisfied all of the notice requirements under Local Admiralty Rule C.4(a) and Rule C.4(b).

    B.  <u>The Time for Filing Claims and Answers Has Expired.</u>

The time to file claims has passed. The rules provide two deadlines for filing claims and/or answers. Under either deadline, the time has expired. Plaintiffs seek default against any and all claimants who have not filed a statement of right/interest and/or intervened. It is within the Court's power to default any parties who have not appeared and to bar any unfiled claims to the Vessel and/or proceeds from her sale if the requirements of Supplemental Rule C(6) have not been met. <u>U.S.A. v. The Pride of Texas</u>, 964 F.Supp. 986, 988 (E.D. Va. 1994).

    1.  <u>Supplemental Rule C(6)(a)(i)</u>

Under Supplemental Rule C(6)(a)(i), any and all statements of right/interest must be filed within fourteen days after the execution of process or within the time the court allows. Fed. R. Civ. P. Supp. R. C(6)(a)(i). The party asserting a right/interest must then file an answer within twenty-one days

7

after filing its statement of right/interest. Fed. R. Civ. P. Supp. R. C(6)(a)(iv).

In this case, process was executed and the Vessel was arrested by the United States Marshal on August 18, 2010. See Process Receipt and Return, dated Aug. 18, 2010, [Docket No. 14]. Under Supplemental Rule C(6)(a)(i), any party wishing to assert a claim had until September 1, 2010 to file a statement of right/interest and had until September 22, 2010, to file an answer. Thus, both the deadline for filing a statement of right/interest and the deadline for filing an answer have passed.

2. Local Admiralty Rule C.3

This Court's Local Admiralty Rules provide an alternative deadline. Under Local Admiralty Rule C.3(a)(5), a statement of right/interest must be filed within ten days after publication of notice of the arrest. LR C.3(a)(6). An answer must then be filed within twenty days after publication of notice of the arrest. LR C.3(a)(6). Notice of the arrest was published on October 9, 2010. Accordingly, any statements of right/interest should have been filed by October 19, 2010 and all answers by October 29, 2010. Thus, under the alternative deadline provided by Local Admiralty Rule C.3(a), the time for filing statements of right/interest and answers has expired.

Accordingly, under either deadline, the time to file a statement of right/interest and/or intervene has expired.

CONCLUSION

Based on the foregoing, The Court FINDS that Plaintiffs' are entitled to entry of default and default judgment as requested in the Motion.  The Court RECOMMENDS that Plaintiffs' Motion be GRANTED and that the district court enter default and default judgment against any and all claimants who have not filed a statement of right/interest and/or intervened.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JUNE 3, 2011



_____
Richard L. Puglisi
United States Magistrate Judge

**SUBMARINES HAWAII LTD. P'SHIP, ET AL. V. KANOO ISLAND, O.N. 638002, CIVIL NO. 10-00471 SOM-RLP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS SUBMARINES HAWAII LIMITED PARTNERSHIP AND ROBERTS HAWAII TOURS, INC.'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST ALL CLAIMANTS THAT HAVE NOT FILED A STATEMENT OF RIGHT/INTEREST AND/OR INTERVENED AS PLAINTIFFS**